# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOHNATHAN STEWART,<br><br>  Plaintiff,<br><br>vs.<br><br>W.L. KAUTZKY, JERRY BURT, SUE MAYERS, NANCY KACERA, UNKNOWN MEDICAL STAFF, PERRY JONES, TOM CONLEY, and UNKNOWN CORRECTIONAL OFFICERS,<br><br>  Defendants. | No. C05-3030-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

This matter is before the court on the plaintiff's motion (Doc. No. 8) for a temporary restraining order ("TRO") and a preliminary injunction. The court held a hearing on the motion on July 29, 2005, at which the plaintiff appeared *pro se*,[1] and Assistant Attorney General Forrest Guddall appeared on behalf of the defendants.

The plaintiff offered no evidence other than the averments in his motion to support his request for entry of a TRO and preliminary injunction. The plaintiff appeared to misunderstand the nature of the relief he had requested, in that his statements were directed to the relief requested in his Complaint, rather than to address any impending irreparable injury or other threatened action by the defendants.

---

[1] The court granted the plaintiff's oral motion for appointment of counsel to assist him in subsequent proceedings in this action.

The court has discretion to grant a temporary restraining order or preliminary injunction "where it appears that there is a substantial controversy between the parties and that one of them is committing an act or threatening the immediate commission of an act that will cause irreparable injury or destroy the status quo of the controversy before a full hearing can be had on the merits of the case, and generally such an injunction will be granted whenever necessary to the orderly administration of justice." *Missouri-Kansas-Texas R. Co. v. Randolph*, 182 F.2d 996, 999 (8th Cir. 1950) (citations omitted). In the present case, the plaintiff has failed to show the potential for irreparable injury or destruction of the status quo, or some benefit to the orderly administration of justice that would support the issuance of preliminary relief. Accordingly, the plaintiff's motion should be denied, and this case should proceed in the ordinary course.

Therefore, **IT IS RECOMMENDED** that, unless any party files objections[2] to the report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) within ten (10) days of the service of a copy of this report and recommendation, the plaintiff's motion for TRO and preliminary injunction be **denied**.

**IT IS SO ORDERED.**

**DATED** this 29th day of July, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] The parties must specify the parts of the report and recommendation to which objections are made. In addition, the parties must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

FILED
U.S. District Court
Northern District of Iowa

7/29/05   By:   s/src

Copies mailed/faxed to counsel of record, pro se parties and others listed here: