# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOHNATHAN STEWART,<br><br>    Plaintiff,<br><br>vs.<br><br>W.L. KAUTZKY, JERRY BURT,<br>SUE MAYERS, NANCY KACERA,<br>UNKNOWN MEDICAL STAFF,<br>PERRY JONES, TOM CONLEY, and<br>UNKNOWN CORRECTIONAL OFFICERS,<br><br>    Defendants. | No. C05-3030-MWB<br><br>**REPORT AND<br>RECOMMENDATION ON<br>MOTION FOR SUMMARY<br>JUDGMENT** |

_____

This matter is before the court on the defendants' motion for summary judgment (Doc. No. 34). The defendants timely filed the motion on February 28, 2006, making the plaintiff's resistance and supporting documents due March 24, 2006. LR 56.1(b). On March 30, 2006, the court granted the plaintiff's motion for an enlargement of time to file his resistance, extending the deadline to May 1, 2006. On April 20, 2006, the plaintiff's attorney, Jeffrey Lipman, filed a motion for a further extension of time to resist the summary judgment motion. In the motion, Mr. Lipman noted he has obtained an expert report from a medical doctor who has reviewed the plaintiff's records. The expert has opined that the prison medical staff rendered appropriate medical treatment to the plaintiff, and there was no deliberate indifference to the plaintiff's serious medical needs. Mr. Lipman also noted the plaintiff has pled a failure-to-protect claim; however, the evidence indicates the incident giving rise to the claim resulted from an accident, and the plaintiff has made no claim that the defendants acted intentionally.

Mr. Lipman indicated he has been unsuccessful in his attempts to contact the plaintiff, but in any event, if the plaintiff should decide to go forward with this action,

Mr. Lipman would request leave to withdraw pursuant to Federal Rule of Civil Procedure 11. Mr. Lipman requested an additional thirty days to respond to the summary judgment motion.

The court granted the motion, and set a deadline of May 22, 2006, for the plaintiff to resist the summary judgment motion, whether with the assistance of counsel or *pro se*. No resistance has been filed.

During the week of May 30, 2006, Mr. Lipman contacted the court to advise he had learned that his letters to the plaintiff likely had not been received. Counsel for the parties advised the court that the plaintiff was released from custody several weeks ago. The plaintiff has failed to advise Mr. Lipman or the court of any new address for purposes of contacting him. As a result, the undersigned finds the plaintiff has abandoned his claims in this action. The undersigned therefore recommends this action be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal for failure to prosecute or comply with court order); *United States v. Meyer*, 439 F.3d 855, 860 n.7 (8th Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), for the proposition that "federal courts have the inherent power to . . . dismiss an action sua sponte for failure to prosecute").

In addition, the plaintiff's failure to respond to the defendants' statements of material fact constitutes an admission of each of those facts. *See* Fed. R. Civ. P. 56(e); LR 56.1(b)(4). Accordingly, the defendants are entitled to summary judgment on procedural grounds. *Id.* Furthermore, after a review of the law applicable to the plaintiff's claims, the facts asserted in his Complaint, the defendants' assertions of material facts which are deemed admitted by the plaintiff, and the exhibits and affidavit submitted by the defendants in support of their motion for summary judgment, as well as consideration of the statements contained in Mr. Lipman's most recent motion for an extension of time, the court finds the defendants are entitled to judgment as a matter of law

with respect to the plaintiff's claims under 42 U.S.C. § 1983. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact as to whether the defendants violated the plaintiff's Eighth Amendment rights, or whether the defendants are entitled to qualified immunity. The undisputed material facts clearly show the defendants are entitled to judgment as a matter of law on each of the plaintiff's claims in this action.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that, unless any party files objections[1] to the report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) within ten (10) days of the service of a copy of this report and recommendation, the defendants' motion for summary judgment (Doc. No. 34) be granted, and judgment be entered in favor of the defendants and against the plaintiff.

**IT IS SO ORDERED.**

**DATED** this 6th day of June, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] The parties must specify the parts of the report and recommendation to which objections are made. In addition, the parties must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).